**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| RICARDO TYRONE CARTER, II, | : | |
| | : | Civil No. 09-4919 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| HAL SOUTHERLAND, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

> RICARDO TYRONE CARTER, II, Petitioner pro se
> #73006-083
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640

**KUGLER, District Judge**

Petitioner, Ricardo Tyrone Carter, II ("Carter"), a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Carter names Hal Southerland, the Acting Warden at FCI Fort Dix where petitioner is confined, as the party respondent in this action.

For the reasons stated below, the Court will dismiss this petition for lack of jurisdiction.

I.  BACKGROUND

The following facts are taken from the petition, and are assumed true for purposes of this decision.  Carter is currently confined at FCI Fort Dix.  He brings this habeas action under § 2241, asking that the Bureau of Prisons credit his federal sentence at a two to one ratio because of the time he served in federal pretrial confinement at the Alexandria Detention Center ("ADC") in Alexandria, Virginia, before being transferred to FCI Fort Dix to serve his federal sentence.

Carter does not provide any specific information with respect to his federal sentence, other than to say that he was convicted for bank fraud and identification fraud in the United States District Court for the Eastern District of Virginia (Alexandria Division).  He was sentenced on February 27, 2009 to a prison term of 12 months on the bank fraud count and 24 months on the identification fraud count.  (Petition, ¶¶3-5).  Carter simply alleges various unreasonable conditions at the ADC where he was confined before his transfer to FCI Fort Dix.  In particular, Carter alleges that he endured overcrowded conditions where he was forced to sleep on a damp mattress, a mattress on the floor by the toilet where he would get splashed by urine, and where rodents would scurry near him.  He also alleges that the meals were nutritionally inadequate, that he was forced to stay in extended lockdowns without showers, legal communications and

2

clean laundry, and that he received poor medical care and treatment. (Pet., ¶¶ 10a-10d).

Carter does not allege that he has exhausted his administrative remedies with the Bureau of Prisons ("BOP") before bringing this habeas petition. He also does not indicate whether he sought a downward departure on his sentence with respect to this claim. Indeed, there is no history provided with respect to whether Carter directly appealed his sentence, filed a motion with his sentencing court for a downward departure, or whether he filed a motion under 28 U.S.C. § 2255 to correct his sentence.

## II. DISCUSSION

### A. Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas

3

petition that appears legally insufficient on its face."

McFarland, 512 U.S. at 856; see also United States v. Thomas, 221

F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d

Cir. 1985), cert. denied, 490 U.S. 1025.

B.    Habeas Jurisdiction

Carter brings this application for a reduction or credit

with respect to his federal sentence under 28 U.S.C. § 2241.

Section 2241 of Title 28 of the United States Code provides in

relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas

jurisdiction to hear the petition of a federal prisoner who is

challenging not the validity but the execution of his sentence."

Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A

petition for a writ of habeas corpus under 28 U.S.C. § 2241 in

the district where the prisoner is confined provides a remedy

"where petitioner challenges the effects of events 'subsequent'

to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.

1976)(challenging erroneous computation of release date).  See

also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where

petitioner alleged a claim for credit for time served prior to

federal sentencing).

4

Here, Carter appears to contend that his petition challenges the execution of his federal sentence because he is seeking the BOP to award him a two to one credit ratio against his federal sentence for the time he served in the ADC in Alexandria, VA, due to the harsh and unreasonable conditions of his confinement.  He does not challenge the imposition of his sentence.  Carter appears to argue that jurisdiction is appropriate under § 2241 because he was confined in New Jersey at the time he filed his petition.

Nevertheless, this Court finds that Carter is actually seeking a modification of his sentence based on the conditions of his confinement at the ADC, which is not cognizable in a habeas petition under § 2241.  More appropriately, his appropriate avenue for relief would be a § 2255 motion or, alternatively, a claim under 18 U.S.C. § 3582(c), which governs the modification of an imposed prison term.

A district court has the authority to modify a valid sentence only if such authority is conferred by federal statute. United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994); Morales v. United States, 353 F. Supp.2d 204, 205 (D. Mass. 2005).  See also United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007)(a district court's jurisdiction to reconsider sentencing may only

5

stem from a statute or rule of criminal procedure); <u>United States</u>
<u>v. Smartt</u>, 129 F.3d 539, 540-41 (10th Cir. 1997).  The Sentencing
Reform Act specifies that a sentencing court may not modify a
term of imprisonment once it has been imposed except under
limited circumstances.  <u>See</u> 18 U.S.C. § 3582(c).

Specifically, § 3582(c) states that a district court may not
modify a sentence once it has been imposed except that --

> (1) in any case –
> (A) the court, upon motion of the Director of the
> Bureau of Prisons, may reduce the term of imprisonment (and
> may impose a term of probation or supervised release with or
> without conditions that does not exceed the unserved portion
> of the original term of imprisonment), after considering the
> factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that --
> (i) extraordinary and compelling reasons warrant such a
> reduction; or
> (ii) the defendant is at least 70 years of age, has
> served at least 30 years in prison, pursuant to a sentence
> imposed under section 3559(c), for the offense or offenses
> for which the defendant is currently imprisoned, and a
> determination has been made by the Director of the Bureau of
> Prisons that the defendant is not a danger to the safety of
> any other person or the community, as provided under section
> 3142(g);
> and that such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission; and
> (B) the court may modify an imposed term of
> imprisonment to the extent otherwise expressly permitted by
> statute or by Rule 35 of the Federal Rules of Criminal
> Procedure; and
> (2) in the case of a defendant who has been sentenced
> to a term of imprisonment based on a sentencing range that
> has subsequently been lowered by the Sentencing Commission
> pursuant to 28 U.S.C. § 994(o), upon motion of the defendant
> or the Director of the Bureau of Prisons, or its own motion,
> the court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a) to the
> extent that they are applicable, if such a reduction is
> consistent with applicable policy statements issued by the
> Sentencing Commission.

In this case, Carter's request for a modification of his sentence would appear to fall under the exception of "extraordinary and compelling reasons" set forth in § 3582(c)(1)(A)(i).  However, it is well settled law that a district court can not grant a prisoner's request for modification of his sentence under this section if the Director of the BOP does not move for a reduction of sentence.  See United States v. Thomas, 570 F. Supp.2d 202, 203 (D.P.R. 2007).  See also United States v. Hudson, 44 Fed. App. 457, 458 (10th Cir. 2002); United States v. Tyler, 417 F. Supp.2d 80 (D. Me. 2006); Morales v. United States, 353 F. Supp.2d 204 (D. Mass. 2005); Porges v. Zickefoose, 2008 WL 4596640 at *2 (D. Com. Oct. 15, 2008).

Therefore, where there has been no motion on Carter's behalf filed by the Director of the BOP, to modify his sentence under § 3582(c)(1)(A)(i), this Court has no authority to grant Carter's request for a sentence reduction under this statute.  Moreover, Carter has not asserted any facts that would have this matter fall within any of the other exceptions listed under § 3582(c).[1]

---

[1]  Section 3582(c)(2) authorizes the sentencing court to reduce a previously imposed sentence when the Sentencing Commission lowers the inmate's guideline range.  Section (c)(2) does not apply here, as nothing in Carter's application indicates that the Sentencing Commission has lowered his guideline range.
Section 3582(c)(1)(B) authorizes the sentencing court to modify a term of imprisonment where "expressly permitted by statute or by Rule 35 of the Federal rules of Criminal Procedure.
See 18 U.S.C. § 3582(c)(1)(B).  This subsection does not apply.

Carter has not stated that he seeks a sentence reduction under any other statute, and this Court finds no other statutory basis for the relief he seeks.  Accordingly, the petition must be dismissed for want of jurisdiction.[2]  See Higgs, 504 F.3d at 464; Gregory v. Grondolsky, 2010 WL 318370 (3d Cir., Jan. 28, 2010); United States v. Servidio, 2008 WL 352866 (D.N.J. Feb. 7, 2008).

C.   Failure to Exhaust Administrative Remedies

While it appears that Carter has not exhausted his administrative remedies with the BOP before bringing this action, a clear basis for sua sponte dismissal, this Court nevertheless declines to address this issue because, as set forth above, the Court has no statutory authority to reduce Carter's sentence as requested,[3] and therefore, has no jurisdiction over the matter.

_____

Carter cites no statutory authority for the requested sentence reduction; Rule 35(a) is limited to a court's correction of a clear error within seven days of sentencing, see Fed.R.Crim.P. 35(a); Higgs, 504 F.3d at 464; and Rule 35(b) authorizes a reduction of a sentence only upon the government's motion based on the inmate's substantial assistance, see Fed.R.Crim.P. 35(b).

[2]   Indeed, in the event Carter may be successful in having the Director of the BOP move for a modification of his sentence on the grounds asserted, pursuant to § 3582(c)(1)(A)(i), this Court notes that the appropriate jurisdiction for such an application resides in the district court that imposed Carter's sentence.  See Braswell v. Gallegos, 82 Fed. Appx. 633, 635 & n.2 (10th Cir. 2003)(district in which federal inmate was imprisoned had no jurisdiction to modify sentence imposed by another district, and the application for modification of the sentence should have been filed in the district which imposed the sentence); Porges, 2008 WL 4596640 at *2.

[3]   Regulations adopted by the BOP to implement 18 U.S.C. § 3582(c)(1)(A) require an inmate (or a person acting on behalf of

8

**CONCLUSION**

For the reasons set forth above, the Court will dismiss the petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction.  An appropriate order follows.


ROBERT B. KUGLER
United States District Judge

Dated: 3-31-10

---

an inmate) to submit a request for a motion under 18 U.S.C. § 3582(c)(1)(A) to the Warden, and permit the inmate to submit such a request "only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."  28 C.F.R. § 571.61(a); see also BOP Program Statement 5050.46.  Under these regulations, the BOP is not authorized to file a motion under § 3582(c)(1)(A) unless the inmate's request is approved by the Warden, the Regional Director, the General Counsel, and the Director of the BOP.  See 28 C.F.R. § 571.62(a).